**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jeffrey Raske,<br><br>          Plaintiff,<br>vs.<br><br>Amalgamated Transit Union; and Jose Mendoza,<br><br>          Defendants. | Case No.: 2:13-cv-02222-GMN-GWF<br><br>**ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendant Amalgamated Transit Union ("the Union") and Jose Mendoza ("Defendants") on December 12, 2013. Plaintiff Jeffrey Raske, who is representing himself pro se, has failed to file a Response to the Motion to Dismiss, and the deadline to do so has expired.

**I.     BACKGROUND**

This lawsuit was originally filed in state court. Defendants removed the case to this Court (ECF No. 1) on December 5, 2013, and filed the instant Motion to Dismiss (ECF No. 5) on December 12, 2013. Plaintiffs' Complaint alleges a number of causes of action against Defendants related his employment and membership in the Union.

Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to Dismiss (ECF No. 5) to file a Response. Plaintiff was notified by the Court on December 13, 2013, that he "must file points and authorities in opposition to that motion within fourteen (14) days after service of the motion" pursuant to Local Rule 7-2(b), that "[t]he failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motions pursuant to Local Rule 7-2(d), and that "[t]he court may then grant the motion and dismiss the non-moving party's claims." (Min. Order, ECF No. 7.) Plaintiff was notified that

he had "fourteen days . . . from the date of [the Court's] Minute Order within which to file and serve points and authorities (and any other required documents) in opposition to the pending dispositive motion." (*Id.*)  On January 7, 2014, after the deadline had expired, Plaintiff indicated his acknowledgment that Defendants had filed the instant Motion to Dismiss (ECF No. 5). (Joint Status Report, ECF No. 11.)  Plaintiff still filed no opposition to the Motion to Dismiss (ECF No. 5), but instead filed an Objection to Defendants' removal of the case on January 7, 2014 (ECF No. 12).

Notwithstanding these notices, Plaintiff failed to meet the deadline to file an opposition, and has failed to file any Response at all to the Motion to Dismiss.

**II.   DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's

failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. Also, Plaintiff's objection to removal is without merit, and his claims are properly removable. Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal. However, in consideration of Plaintiff's pro se status, the Court will dismiss Plaintiff's Complaint without prejudice, and this case will be closed.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice, and this case shall be closed. The Clerk shall enter judgment accordingly.

**DATED** this 18th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court